

# NUMBER 13-13-00277-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

### IN RE FORD MOTOR COMPANY

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Per Curiam Memorandum Opinion[1]

Relator, Ford Motor Company, filed a petition for writ of mandamus in the above cause on May 28, 2013, requesting that we direct the Honorable Robert J. Vargas, Presiding Judge of County Court at Law Number One of Nueces County, Texas, to withdraw a sanctions order. The Court requested and received a response to the petition for writ of mandamus from real parties in interest, Raul Segovia, individually, for and on behalf of all those entitled to recover for the death of Consuelo Segovia under

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

the Texas Wrongful Death and Survival Acts, Irma Segovia, Helen Guzman, Erasmo Guzman, Susana Guzman, and Erasmo Guzman Jr. *See* Tex. R. App. P. 52.2, 52.4, 52.8. Relator has now filed an unopposed motion to withdraw its petition for writ of mandamus on grounds that the respondent has vacated the discovery order at issue in this original proceeding, and thus the issues raised in the petition for writ of mandamus are moot.

The Court, having examined and fully considered the motion to withdraw, is of the opinion it should be construed as a motion to dismiss this original proceeding as moot. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal."); *State Bar of Texas v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994) (stating that, for a controversy to be justiciable, there must be a real controversy between the parties that will be actually resolved by the judicial relief sought). Accordingly, the Court GRANTS the motion and DISMISSES the petition for writ of mandamus as moot. *See* Tex. R. App. P. 52.8(a). By order previously rendered in this cause, the mandamus record was placed under seal. Relator's motion to withdraw does not address the status of the mandamus record, and thus it will remain sealed.

PER CURIAM

Delivered and filed the
13th day of August, 2013.